UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
APR 2 5 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES OF AMERICA

V.

EMILIO RIOS
*Aliases: Emilio Leo, Emilio Rivera, and "Leo"*

Defendant.

Case Number: 1:22-CR-00100-LY(1)
USM Number: 03666-510

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, EMILIO RIOS, was represented by Jose I. Gonzalez-Falla.

The defendant pled guilty to Count One of the Indictment on January 27, 2023. Accordingly, the defendant is adjudged guilty of such Count, involving the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography (Enhanced) | 03/04/2021 | One |

As pronounced on April 25, 2023, the defendant is sentenced as provided in pages 2 through 10 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 25th day of April, 2023.

_____
LEE YEAKEL
United States District Judge

DEFENDANT:        EMILIO RIOS
CASE NUMBER:      1:22-CR-00100-LY(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **SIXTY (60) MONTHS** as to count one.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

The Court makes the following recommendations to the Bureau of Prisons:

**To designate defendant to FCI Seagoville or to a federal facility with sex offense treatment similar to FCI Seagoville in order that the defendant may receive the needed treatment during the period of confinement.**

If, for any reason, the Bureau of Prisons does not comply with any recommendation of this Court made in this Judgment and Sentence, the Bureau of Prisons shall immediately notify the Court and any reason therefore.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:           EMILIO RIOS
CASE NUMBER:         1:22-CR-00100-LY(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TEN (10) YEARS.**

While on supervised release the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

If required to register under the Sex Offender and Registration Act, that the defendant comply with the requirements of the Act.

The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses.

The defendant shall not possess or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media without permission from the probation officer.

The defendant shall participate in a sex offense-specific assessment. The defendant shall pay the costs of the program if financially able.

If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall participate in a sex offense specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program. The defendant shall follow the rules and regulations of the program. A probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc). The defendant shall pay the costs of the program if financially able.

If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. A probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

The defendant shall submit any computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

The defendant shall submit to periodic polygraph testing at the instruction of the probation officer as a means to ensure compliance with the requirements of supervision.

The defendant shall not go to, or remain at, any place where the defendant knows children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

The defendant shall not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 10

DEFENDANT:        EMILIO RIOS
CASE NUMBER:      1:22-CR-00100-LY(1)

The defendant shall take all medication as directed by a medical doctor/psychiatrist.


The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, without the permission of the probation officer. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, without the permission of the probation officer, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

The defendant shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).

The defendant shall not access the Internet except for reasons approved in advance by the probation officer.


To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

The defendant shall not work in any type of employment without the prior approval of the probation officer.

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

DEFENDANT: EMILIO RIOS
CASE NUMBER: 1:22-CR-00100-LY(1)

# CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

[1] The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2] The defendant shall not unlawfully possess a controlled substance.

[3] The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4] The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5] If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et. seq.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6] If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7] If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8] The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9] The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

[1] The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2] After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3] The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4] The defendant shall answer truthfully the questions asked by the probation officer.

[5] The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6] The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7] The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-

DEFENDANT:        EMILIO RIOS
CASE NUMBER:      1:22-CR-00100-LY(1)

time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]  If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]  If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17]  If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

DEFENDANT:            EMILIO RIOS
CASE NUMBER:          1:22-CR-00100-LY(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be paid through the Clerk, United States District Court, Attn: Mail Log, 501 West Fifth Street, Suite 1100, Austin, TX, 78701 or online by Debit (credit cards not accepted) or ACH payment (direct from Checking or Savings Account) through Pay.gov (link accessible on the landing page of the U.S. District Court's Website). **Your mail-in or online payment must include your case number in the exact format of DTXW122CR000100-001 to ensure proper application to your criminal monetary penalty.** The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

If the defendant is not now able to pay this indebtedness, the defendant shall cooperate fully with the office of the United States Attorney, the Federal Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including during any period of incarceration. Any unpaid balance at the commencement of a term of probation or supervised release shall be paid on a schedule of monthly installments to be established by the United States Probation office and approved by the Court.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------:|---------:|----------------:|
| **TOTALS** | $100.00 | $.00 | $63,000.00 |

### SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

### FINE

The fine is waived because of the defendant's inability to pay.

### JVTA AND AVAA ASSESSMENTS

The defendant has been deemed indigent, and the $5,000 JVTA special assessment and the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 assessment of $17,000 are **not imposed**.

### RESTITUTION

The defendant shall pay restitution in the amount of 63,000.00 through the Clerk, U.S. District Court, for distribution to the payees. Payment of this sum shall begin immediately.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten (10) days after the criminal Judgment has been entered.

| **Name of Payee** | **Amount of Restitution** |
|---|---:|
| Cusack & Gilfillan, LLC<br>In trust for Cindy<br>411 Hamilton Boulevard, Suite 1510<br>Peoria, Illinois 61602<br>"Cindy" Series | $3,000 |
| Marsh Law Firm PLLC<br>In trust for Raven<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668<br>Teal&PinkPrincess "Raven" | $3,000 |

DEFENDANT:      EMILIO RIOS
CASE NUMBER:    1:22-CR-00100-LY(1)

| | |
|---|---:|
| Marsh Law Firm PLLC<br>In trust for Erin<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668<br>BluesPink Series "Erin" | $3,000 |
| Marsh Law Firm PLLC<br>In trust for Fiona<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668<br>BluesPink Series "Fiona" | $3,000 |
| Utah Crime Victims Legal Clinic<br>In trust for Anna<br>404 East 4500 South, Suite B24<br>Salt Lake City, Utah 84107<br>Middle Model Sister Series "Anna" | $3,000 |
| Law Office of Nay & Friedenberg,<br>Attn: Tim Nay<br>In trust for L.A.L.<br>6500 SW Macadam Avenue, Suite 300<br>Portland, Oregon 97239<br>Ashley_081 Series "L.A.L." | $3,000 |
| Marsh Law Firm PLLC<br>In trust for Jenny<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668<br>Jenny Series "Jenny" | $3,000 |
| Marsh Law Firm PLLC<br>In trust for Jane<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668<br>Cinder Block Blue Series "Jane" | $3,000 |
| Deborah A. Bianco<br>In trust for Pia<br>P.O. Box 6503<br>Bellevue, Washington 98008<br>Sweet White Sugar Series "Pia" | $3,000 |
| Deborah A. Bianco<br>In trust for Ava<br>PO Box 6503,<br>Bellevue, Washington 98008<br>Sweet Purple Sugar Series "Ava" | $3,000 |

DEFENDANT: EMILIO RIOS
CASE NUMBER: 1:22-CR-00100-LY(1)

| | |
|---|---:|
| Carol L. Hepburn<br>In trust for Lily<br>PO BOX 17718<br>Seattle, Washington 98127<br>Vicky Series "Lily" | $3,000 |
| Jones Day<br>In trust for CSAM<br>Attn: Kaela Palmiter<br>1221 Peachtree Street, N.E., Suite 400<br>Atlanta, Georgia 30361<br>Moca Series "CSAM" | $3,000 |
| Restore the Child, PLLC<br>In trust for April<br>2522 N. Proctor Street, Suite 85<br>Tacoma, Washington 98406<br>Aprilblonde Series "April" | $3,000 |
| Carol L. Hepburn<br>In trust for Cara<br>PO BOX 17718<br>Seattle, Washington 98127<br>MotorCouch1 Series "Cara" | $3,000 |
| Carol L. Hepburn<br>In trust for Violet<br>PO BOX 17718<br>Seattle, Washington 98127<br>AtSchool Series "Violet" | $3,000 |
| Carol L. Hepburn<br>In trust for Sarah<br>PO BOX 17718<br>Seattle, Washington 98127<br>Marineland1 Series "Sarah" | $3,000 |
| Utah Crime Victims Legal Clinic<br>In trust for Wyatt<br>404 East 4500 South, Suite B24<br>Salt Lake City, Utah 84107<br>HarleyDude1 Series "Wyatt" | $3,000 |
| Deborah A. Bianco<br>In trust for Henley<br>PO Box 6503,<br>Bellevue, Washington 98008<br>BluePillow Series "Henley" | $3,000 |

DEFENDANT: EMILIO RIOS
CASE NUMBER: 1:22-CR-00100-LY(1)

| | |
|---|---:|
| Deborah A. Bianco<br>In trust for Maureen<br>PO Box 6503,<br>Bellevue, Washington 98008<br>Lighthouse1 Series "Maureen" | $3,000 |
| Carol L. Hepburn<br>In trust for Sierra<br>PO BOX 17718<br>Seattle, Washington 98127<br>Jan_Socks1 Series "Sierra" | $3,000 |
| Marsh Law Firm PLLC<br>In trust for Taylor<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668<br>RedGlassesCry Series "Taylor" | $3,000 |

The Court finds that the defendant does not have the ability to pay interest and will waive the interest requirement in this case.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.